IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01886–WJM–KMT

FRANCES M. OWENS,

     Plaintiff,

v.

PATRICK R. DONAHOE, POSTMASTER GENERAL,

     Defendant.

---

**ORDER**

---

     This matter is before the court on the parties' "Joint Motion to Stay Discovery." (Doc. No. 31, filed May 20, 2011.) In this civil rights suit, Plaintiff asserts claims for race-based discrimination and retaliation while employed by the United States Postal Service. (*See* Doc. No. 17 at 15-17.) Defendant has filed a motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim. (*See* Doc. No. 26.) The parties jointly seek to stay discovery pending a ruling on Defendant's motion to dismiss.

     The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's

interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at \*2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

Here, Plaintiff joins in the motion to stay. Accordingly, there is no prejudice to Plaintiff. (Doc. No. 31 at 2.) Defendant argues that proceeding with discovery will burden Defendant if the motion to dismiss is later granted, while staying discovery will spare Defendant that expense. (*Id.* at 3.) Similarly, the parties suggest that staying discovery will enable the court to avoid resolving discovery disputes that could be for naught if the motion to dismiss is granted. (*Id.*) Finally, they note that the interests of non-parties and the public favors a stay because a stay will allow the court and the United States Attorney's Office, both of which are funded by the public, to focus their resources on other more pressing matters. (*Id.* at 4.)

Balancing these factors in light of Plaintiff's joinder in the request for a stay, the court finds that a stay of discovery and other deadlines is appropriate in this case.

Therefore, it is **ORDERED** that the parties' "Joint Motion to Stay Discovery" (Doc. No. 31) is **GRANTED**; all discovery in this matter is hereby **STAYED** pending ruling on Defendant's Motion to Dismiss.

Dated this 23rd day of May, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge

3