**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01886-WJM-KMT

FRANCES M. OWENS,

    Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General,

    Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (ECF No. 26), which seeks dismissal of Plaintiff's Second Amended Complaint (ECF No. 17). Plaintiff has filed a Response to the Motion (ECF No. 46), and Defendant has filed a Reply (ECF No. 47). The Motion is ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

Plaintiff Frances M. Owens brings this Title VII action alleging employment discrimination against Patrick R. Donahoe, the Postmaster General for the United States Postal Service ("USPS"). (ECF No. 17, ¶¶ 1, 2, 6.)[1] At all relevant times, Plaintiff, an African-American, was an employee of the USPS.

Plaintiff's Second Amended Complaint ("operative complaint") details numerous

---

[1] The action was originally brought against John E. Potter, the former Postmaster General, who has since been replaced by Patrick Donahoe.

alleged adverse actions that she suffered between mid-1994 and September 2009 during her employment with the USPS (*Id.* ¶¶ 30-88.) The majority of these adverse actions were failures to promote Plaintiff to more advanced positions within USPS. The operative complaint also details several reorganizations within USPS, the last of which occurred in 2009, at which time Plaintiff was demoted to a lower-level position. Plaintiff alleges that she was passed over for these job opportunities, despite winning numerous commendations and awards throughout her employment with the USPS. Plaintiff points out that the individuals ultimately selected for these positions that she sought either were white, were men, and/or were younger than her.

Plaintiff filed this action on August 6, 2010, bringing three Title VII claims based on alleged disparate treatment, harassment, and retaliation. (ECF No. 1.) On February 3, 2011, U.S. Magistrate Judge Kathleen M. Tafoya issued an Order to Show Cause why the action should not be dismissed for lack of service and failure to prosecute. (ECF No. 8.) On February 17, 2011, Plaintiff voluntarily filed a First Amended Complaint (ECF No. 15), and then on February 22, 2011, she voluntarily filed a Second Amended Complaint (ECF No. 17). At the hearing on the Order to Show Cause, held on February 23, 2011, Plaintiff informed Magistrate Judge Tafoya that she had served the Second Amended Complaint on Defendant. (ECF No. 20.) Magistrate Judge Tafoya discharged the Order to Show Cause, accepting the Second Amended Complaint as the operative complaint going forward. (*Id.*)

On April 25, 2011, Defendant filed his Motion to Dismiss. (ECF No. 26.) In the Motion, Defendant argues that Plaintiff administratively exhausted only a narrow set of claims contained within the operative complaint (those pertaining to three discrete

employment decisions, and therefore the unexhausted claims should be dismissed under Federal Rule of Civil Procedure 12(b)(1).  (*Id.* at 3-5.)  Defendant also argues that, as to both Plaintiff's exhausted and unexhausted claims, the claims are not plausible and are therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at 5-14.)

On June 14, 2011, Plaintiff filed a Response to the Motion to Dismiss.  (ECF No. 46.)  In the Response, Plaintiff argues that all of her claims should be deemed exhausted under the continuing violation doctrine.  (*Id.* at 2-7.)  She also argues that her claims are plausible and therefore should not be dismissed for failure to state a claim.  (*Id.* at 7-9.)

On June 30, 2011, Defendant filed a Reply.  (ECF No. 47.)

## II.  LEGAL STANDARDS AND APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction.  Rule 12(b)(1) challenges are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (citation and quotation marks omitted).  When, as here, "a party attacks the factual basis for subject matter jurisdiction, the court may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."  *SK Finance SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir.

1997). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances." *Id.* "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

"Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court." *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997) (quotation marks and brackets omitted); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2005); 42 U.S.C. § 2000e-16(c). "[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that she did exhaust." *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded

complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III.  ANALYSIS

**A.    Harassment Claim**

Plaintiff, under her Title VII harassment claim, alleges that Defendant "created an environment within the USPS [in which Plaintiff] was and is treated less favorably than her counterparts of other races with respect to . . . job assignments, duties, opportunities, days off, hours, and other job requirements," and that Defendant allowed Plaintiff "to be treated without respect and in a demeaning manner." (ECF No. 17, ¶ 95.) She alleges that this repeated disparate treatment "subjected her to a hostile work environment due to her race." (*Id.* ¶ 96.)

As argued by Defendant, Plaintiff has failed to carry her burden of showing that she administratively exhausted her harassment claim. The record indicates that Plaintiff filed a single administrative grievance to the USPS regarding the claims at issue in this action. Plaintiff's operative complaint states,

> Before filing this action, Plaintiff filed . . . an EEO Complaint of Discrimination with USPS . . . . Plaintiff's Charge alleged that Defendant discriminated against her during her employment with the Defendant(s) on the basis of: 'Race'; 'Color'; 'Sex'; 'National Origin'; 'age'; and 'Retaliation' for Plaintiff engaging in prior, 'protected' EEO activity, in violation of Title VII . . . . On May 8, 2010, Plaintiff received, from the USPS . . . her Final Agency Decision ("FAD") on (Agency Case No. 6U-000-0019-09) . . . .

(ECF No. 17, ¶¶ 8-10.) Plaintiff did not attach the applicable administrative grievance to any of her complaints in this action. Attached to Defendant's Motion to Dismiss is the USPS's Acceptance of Complaint, identifying Plaintiff's case number of 6U-000-0019-

09, in which an EEO Services Analysis states,

> Receipt of your formal complaint of discrimination filed on December 01, 2009, is herein acknowledged. . . . Your complaint has been accepted for investigation . . . Specific Issue(s):  You alleged discrimination based on Race (African American), Color (Black), Sex (Female), National Origin (African American), Age 66 (DOB: ▮▮/43) and Retaliation (Prior EEO Activity) when:  (1) on August 24, 2009, you were not selected for the position of Strategic Account Manager, EAS-23, (2) on October 06, 2009, you were not recommend[ed] or selected for the position of Shipping Solutions Specialist, EAS-23, and ([3]) effective October 10, 2009, you were downgraded to a Business Solutions Specialist.

(ECF No. 26, Ex. 2, at 1.)  *See also SK Finance SA*, 126 F.3d at 1275 (when a party attacks the factual basis for subject matter jurisdiction, the court may consider evidence to resolve the disputed jurisdictional facts).  In her Response to the Motion to Dismiss, Plaintiff again did not submit her administrative grievance to the Court.

Thus, the only evidence before the Court as to whether Plaintiff exhausted her administrative remedies as to any of her claims (including her harassment claim) is the Acceptance of Complaint filed by Defendant, along with Plaintiff's own allegations in the operative complaint.  Both of these sources of information confirm that Plaintiff's administrative grievance **only** complained about instances of discrimination and retaliation, and **not** about harassment and/or hostile work environment.  Further, the Acceptance of Complaint indicates that Plaintiff only grieved about three isolated instances of discrimination/retaliation.  Thus, Plaintiff has not carried her burden of showing that she administratively exhausted her harassment claim.  *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1166 (10th Cir. 2007) ("Title VII requires each discrete act of discrimination (such as termination, failure to promote, denial of transfer, or refusal to hire) to be described in and the subject of a timely filed charge.  That is, a plaintiff can

bring a lawsuit for only those 'unlawful employment practices' described in his or her administrative charge.") (citations omitted); *McGarr v. Peters*, No. CIV-07-1373, 2009 WL 3855938, at *5-*6 (W.D. Okla. Nov. 17, 2009) (where the plaintiff's EEO complaint only identified an age-based hostile work environment claim, court held that the plaintiff had failed to exhaust his age-based failure to promote claim).  Therefore, this Court lacks subject matter jurisdiction over Plaintiff's harassment claim under Rule 12(b)(1). *Woodman*, 132 F.3d at 1341.   The claim is properly dismissed without prejudice. *See McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1101 (10th Cir. 2011).

**B.     Retaliation Claim**

Plaintiff, under her Title VII retaliation claim, alleges that she "engaged in protected Title VII activity, including but not limited to, filing and processing of her formal Charge of Discrimination (Agency Case No. 6U-000-0019-09). . . .  As a direct result of Plaintiff's protected activity, Defendant retaliated against Plaintiff, as described above [in her operative complaint], treated Plaintiff differently than similarly situated employees who had not engaged in protected activity, and created a hostile work environment for her."  (ECF No. 17, ¶¶ 99, 101.)

In the Motion to Dismiss, Defendant argues, *inter alia*, that Plaintiff's retaliation claim is not plausible because the only protected activity alleged in the operative complaint occurred on December 1, 2009 (when Plaintiff filed her administrative grievance to the USPS, in case 6U-000-0019-09), but all of the alleged adverse actions against Plaintiff occurred **before** that date.  Therefore, Defendant argues, Plaintiff does

not allege that she was retaliated against because of (and following) her protected conduct. In her Response, Plaintiff entirely fails to respond to this argument.

The elements of a retaliation claim are: (1) the plaintiff engaged in protected opposition to discrimination; (2) the defendant took an adverse employment action against the plaintiff; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 979 (10th Cir. 2008). In terms of the timing of the protected activity and the adverse action, the Tenth Circuit has made clear that the "adverse action by an employer [must occur] either after or contemporaneous with the employee's protected action . . . ." *Jarvis v. Potter*, 500 F.3d 1113, 1125 (10th Cir. 2007); *see also Anderson v. United Parcel Service, Inc.*, No. 09-2526, 2011 WL 4048795, at *17 n.27 (D. Kan. Sept. 13, 2011) ("By definition, a retaliatory adverse employment action must occur after plaintiff's protected activity [for a plaintiff's retaliation claim to be plausible].").

The only protected activity that Plaintiff engaged in, as identified in her operative complaint, is the filing of her administrative grievance in case number 6U-000-0019-09.[2] The Court takes judicial notice of the Acceptance of Complaint attached to Defendant's Motion to Dismiss, Fed. R. Evid. 201(b), which makes clear that her administrative grievance was filed on December 1, 2009. However, all of the alleged adverse actions identified in Plaintiff's operative complaint occurred between 1994 and "around

---

[2] Plaintiff's allegation in her operative complaint that she "engaged in protected Title VII activity, **including but not limited to**, filing and processing of her formal Charge of Discrimination (Agency Case No. 6U-000-0019-09)" is entirely insufficient to somehow assume that she engaged in other protected activity other than the filing of the single administrative grievance identified in her operative complaint (emphasis added). The operative complaint does not specifically identify any other protected activity in which she allegedly engaged.

8

09/2009." (ECF No. 17, ¶¶ 32-88.) In her original complaint (filed on August 6, 2010, more than eight months after the protected activity), and in her First and Second Amended Complaints (filed in February 2011, more than 14 months after her protected activity), she had three opportunities to identify adverse employment actions that occurred on or after December 1, 2009, which were allegedly made in retaliation for her protected conduct on December 1, 2009. She did not do so.[3] Therefore, Plaintiff has failed to state a plausible claim that she engaged in protected conduct and was retaliated against as a result of that protected conduct. Because Plaintiff's Response to the Motion to Dismiss entirely failed to respond to Defendant's argument on this point, the Court dismisses this claim with prejudice. *See Sheldon v. Vermonty*, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (stating that dismissal with prejudice is appropriate where the plaintiff's amended pleadings had failed to cure the deficiencies in his claims, and where the plaintiff "has made no showing, beyond his conclusory allegations, that he could have stated viable causes of action . . . if he had been granted yet another opportunity to amend his claims").

**C.    Discrimination Claim**

    **1.    Exhaustion**

Plaintiff's discrimination claim is based on an alleged long history, from 1994 to

---

[3] As to her allegation that the last discriminatory act took place "[a]round 09/2009," the Court notes that immediately before this allegation in her operative complaint, Plaintiff detailed nine alleged acts of discrimination that took place "[a]round 07/2009 or 08/2009" and two alleged acts of discrimination that took place "[a]round 08/2009 or 09/2009." The Court finds it inappropriate to somehow construe her allegation that the last discriminatory act took place "[a]round 09/2009" to mean that the act took place on or after December 1, 2009.

2009, of being denied job opportunities and promotions within USPS. (ECF No. 17, ¶¶ 32-93.)

Defendant argues that Plaintiff failed to exhaust administrative remedies as to most of these alleged acts of discrimination. Again, the evidence submitted by Defendant regarding Plaintiff's administrative grievance (which Plaintiff has failed to rebut by submitting the administrative grievance itself) indicates that the administrative grievance

> alleged discrimination based on Race (African American), Color (Black), Sex (Female), National Origin (African American), Age 66 (DOB: ▇/43) . . . when: (1) on August 24, 2009, you were not selected for the position of Strategic Account Manager, EAS-23, (2) on October 06, 2009, you were not recommend[ed] or selected for the position of Shipping Solutions Specialist, EAS-23, and ([3]) effective October 10, 2009, you were downgraded to a Business Solutions Specialist.

(ECF No. 26, Ex. 2, at 1.) Thus, it appears clear that those three specific and discrete alleged incidents of discrimination are the only ones for which Plaintiff exhausted administrative remedies. *See Montes*, 497 F.3d at 1166; *McGarr*, 2009 WL 3855938, at *5-*6.

Plaintiff's only argument in response is that the other alleged acts of discrimination (other than the three listed in the administrative grievance) should be deemed exhausted under the continuing violation doctrine. However, as Defendant points out, the Supreme Court has ruled that the continuing violation doctrine does not apply to discrete acts of discrimination or retaliation, as opposed to continuing acts constituting a hostile work environment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *see also Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) ("*Morgan* abrogates the continuing violation doctrine as previously applied to claims of

discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."). Therefore, any alleged acts of discrimination **other than** the three discrete alleged acts identified in Plaintiff's administrative grievance needed to be separately exhausted. Plaintiff has not met her burden of showing that any administrative grievance was filed as to those other acts. Therefore, the Court holds that only the three specific alleged acts of discrimination identified in the Acceptance of Complaint were properly exhausted.

### 2. Plausibility of Allegations

At the outset, the Court notes that it is not entirely clear which paragraphs of the operative complaint relate to the three exhausted alleged instances of discrimination. For example, her operative complaint alleges that there were four instances in which she was not selected for a position as Shipping Solutions Specialist EAS-23, and those four paragraphs of the operative complaint are vague as to the date of those employment decisions. (ECF 17, ¶¶ 76-78, 82.) But the Acceptance of Complaint only identifies a single instance (or possibly multiple instances) of discrimination **occurring on October 06, 2009** in not being selected for the position of Shipping Solutions Specialist, EAS-23. Going forward, Plaintiff will only be allowed to proceed on her discrimination claim based on the specific acts of discrimination identified in the Acceptance of Complaint, namely: (1) the single, or multiple, employment decision(s) occurring on August 24, 2009 in which Plaintiff was not selected for the position of Strategic Account Manager, EAS-23; (2) the single, or multiple, employment decision(s)

occurring on October 6, 2009 in which Plaintiff was not selected for the position of Shipping Solutions Specialist, EAS-23; and (3) the single, or multiple, employment decision(s), made effective on October 10, 2009, in which Plaintiff was downgraded to a Business Solutions Specialist.[4]

As to these three discrete employment decisions, the Court holds that Plaintiff has sufficiently (albeit not clearly) stated a plausible claim for discrimination based on race.[5] The paragraphs of the operative complaint that can be read as potentially pertaining to those employment decisions generally just identify the adverse employment decisions, and then state, "Others, with less service time, qualifications and experience were promoted over her." (ECF No. 17, ¶¶ 76-79, 82, 84.) However, the final paragraph of the factual allegations, which refers to all of the 2009 employment decisions, states,

> Out of the . . . positions that the Plaintiff applied for, the best that could be offered to her was an EAS Level-17, 4-levels below the current sale position she held for 17 years, in spite of numerous monetary awards, letters of certificates, [and] letters of appreciation [she had been given during her tenure with the USPS]. It was implied that Plaintiff was still not

---

[4] If discovery in this matter reveals that the Acceptance of Complaint states the wrong date for any of the employment decisions for which Plaintiff exhausted her administrative remedies, the Court may revisit this decision limiting her exhausted discrimination claims to actions occurring on the three dates identified in the Acceptance of Complaint.

[5] The Court notes that Plaintiff's operative complaint also makes mention of the fact that certain people selected for positions she sought were, for example, younger than her and/or were males. However, the heading for Plaintiff's discrimination claim in her operative complaint states, "Violation of Title VII, Disparate Treatment Based on Race." (ECF No. 17, at 15.) Also, the second paragraph under that claim states only that "Plaintiff is a member of protected class based on race (Black)." (*Id.* ¶ 90.) Further, the operative complaint only brings claims under Title VII, and not the Age Discrimination in Employment Act. Finally, in Plaintiff's Response to the Motion to Dismiss, in arguing that her claims are plausible, she only identifies race as the basis for her Title VII claim. (ECF No. 46, at 8.) Therefore, it is clear that Plaintiff is only pursuing a discrimination claim based on race.

> qualified to be interviewed or offer a higher-level position, while others in the sales office were given and offered the higher-level positions based on their . . . National Origin, and the complexion of their skin. The denial of opportunity directed toward the Plaintiff was all based on . . . the color of her skin [and] her national origin.

(*Id.* ¶ 88.) In addition, her operative complaint details a long history of allegedly receiving accolades for her work at the USPS, while repeatedly being turned down for promotions within the USPS. While most of these alleged acts of discrimination remain unexhausted, these allegations buttress the plausibility of her exhausted claims. *See Morgan*, 536 U.S. at 113 (stating that the requirement of exhaustion of administrative remedies "does [not] bar an employee from using the prior [unexhausted] acts as background evidence in support of a timely claim"). Given these allegations as a whole, the Court holds that Plaintiff has stated a plausible claim of race discrimination as to the three discrete employment actions identified *supra*.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (ECF No. 26) is GRANTED IN PART AND DENIED IN PART;

2. Plaintiff's Title VII harassment claim is DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies;

3. Plaintiff's Title VII retaliation claim is DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim;

4. Plaintiff's Title VII discrimination claim is properly construed as only

alleging discrimination based on race. This Title VII race discrimination claim shall only proceed based on three discrete alleged adverse employment actions: (1) the single, or multiple, employment decision(s) occurring on August 24, 2009 in which Plaintiff was not selected for the position of Strategic Account Manager, EAS-23; (2) the single, or multiple, employment decision(s) occurring on October 6, 2009 in which Plaintiff was not selected for the position of Shipping Solutions Specialist, EAS-23; and (3) the single, or multiple, employment decision(s), made effective on October 10, 2009, in which Plaintiff was downgraded to a Business Solutions Specialist;

5. To the extent Plaintiff intended to bring a Title VII race discrimination claims based on any other alleged adverse employment actions, those claims are DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies; and

6. To the extent Plaintiff intended to bring discrimination claims on any ground other than race, those claims are DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Dated this 12th day of December, 2011.

BY THE COURT:

William J. Martínez
United States District Judge