**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-01886-WJM-KLM

FRANCES M. OWENS,

    Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Frances M. Owens ("Plaintiff") brings claims against her former employer, the Postal Service ("Defendant") for racial discrimination. Before the Court is Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 68.) Plaintiff Owens ("Plaintiff") has filed a Response to this Motion (ECF No. 72) and Defendant has filed a Reply. (ECF No. 73). The Motion is ripe for adjudication.

For the reasons set forth below, the Motion is granted.

## I. STANDARD OF REVIEW

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one

party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  BACKGROUND

In mid-2009, the Postal Service reorganized. (Small Decl. (ECF No. 68-3) ¶ 2.) Plaintiff's position was to be eliminated and she applied for several new positions, three of which are at issue in this case: (1) a Strategic Account Manager ("SAM") position, (2) a Shipping Solutions Specialist ("SSS") position, and (3) a Business Solutions Specialist ("BSS") position. Facts relevant to this Motion, with respect to each position, are as follows. (*Id.*)[1]

1.  <u>Facts Relevant to the SAM Position</u>

For most of 2009, Plaintiff was employed as a National Accounts Manager ("NAM") at the Postal Service. (Pl.'s Dep. (ECF No. 68-1) at 17). During that time, and in that position, Plaintiff earned a salary of $85,033 and her grade was EAS-21. (*Id.* at

---

[1] The Court notes that Plaintiff's Response did not contain a section titled "Response to Movant's Material Facts," as required by *WJM Revised Practice Standards* III.E.5 ("Practice Standards"). On this occasion, the Court will, however, view the numbered paragraphs in Plaintiff's affidavit as comporting with the Practice Standards. (Pl.'s Aff. (ECF No. 72-2) ¶¶1-11.)

18-19).

Several months into the year, the Postal Service announced that a reorganization would take place in mid-2009. (Small Decl. ¶ 2.) As a result of that reorganization, sales positions would be eliminated and the employees in those positions would be required to apply for new positions, including the SAM position. (Id. ¶ 3).

Rodney Small, a Postal Service employee, was the selecting official for the SAM position. (Small Dep. (ECF No. 68-4) at 31). This was one of the positions Plaintiff applied for. The duties and responsibilities of the SAM position were different from the NAM position. (Id.) The SAM position was to require more operational knowledge, which was reflected in its higher pay grade: EAS-23. (Small Decl.¶ 5).

Small interviewed Plaintiff for the SAM position. (Small Dep. at 14). Plaintiff does not recall that any of Small's interview questions were inappropriate. (Pl.'s Dep. at 26). Plaintiff does not know of anything in the interview where Small was taking race into account in his selection. (Pl.'s Dep. at 27-28).

Small decided not to offer the SAM position to Plaintiff because she did not demonstrate to him that she had met the requirements of the position. (Small Dep. at 33). Specifically, Small believed that Plaintiff did not demonstrate an adequate understanding of operations. (Id.) This included someone who had the knowledge, skills, and abilities to understand complex situations within a strategic account and be able to resolve those operational issues. (Id. at 33-34).

On about August 20, 2009, Small requested that the SAM position be reposted to solicit candidates for the SAM position again. (Small Decl. ¶ 7). On about August 24, 2009, Small received a request for a noncompetitive lateral transfer into the SAM

3

position from Pattie Herrera. (*Id.* ¶ 8). At the time, Herrera was a Customer Support Program Analyst with a grade of EAS-23; the same grade required of the SAM position. (*Id.* ¶ 9). Small considered Herrera's noncompetitive lateral transfer into the SAM position to be proper based on ELM-312, a Postal Service policy handbook. (*Id.* ¶ 11). Small believed that the policy applied notwithstanding the reorganization of sales positions in mid-2009. (*Id.*)

Small interviewed Herrera and considered her better qualified than Plaintiff for the SAM position because Herrera had substantial prior experience in operations; for example, as a Business Service Network Team Leader. (*Id.* ¶ 12). Herrera was assigned to the SAM position in late August 2009. (*Id.*)

    2.    <u>Facts Relevant to the SSS Position</u>

Plaintiff also applied for the SSS position in early October 2009. After applying for the SSS position, however, Plaintiff was notified that she was not recommended as a finalist for the SSS position. (ECF No. 68-5). The board for reviewing applications for the SSS position consisted of Sally Wiltshire, Shavon Keys, and William Lloyd (the "Review Board"). At the time the applications were being reviewed, each member of the Review Board did not know Plaintiff and did not know her race. (Wiltshire Decl. (ECF No. 68-7) ¶¶ 4-5; Keys Decl. (ECF No. 68-8) ¶ 2.; Lloyd Decl. (ECF No. 68-9) ¶ 2). The Review Board scored each candidate's qualifications as listed in the candidate's application against the qualifications for the position as posted in the job announcement. (Wiltshire Decl. ¶¶ 8-9). The Review Board assigned Plaintiff a score of 6. (*Id.* ¶ 11). Of the 12 candidates scored by the review board for SSS, seven scored higher than Plaintiff. (*Id.* ¶¶ 12-13). The three highest scoring candidates scored 13, 12, and 10.

(*Id.*)  The Review Board did not advance Plaintiff for an interview with Sheila Sandhagen, who was the selecting official for the SSS position.  (Sandhagen Decl. (ECF No. 68-10) ¶¶ 3-6).

Based on her interviews of those candidates advanced for interviews by the Review Board, Sandhagen selected Eileen Brieck for the SSS position.  (*Id.* ¶ 9).  Sandhagen believed that Brieck was the best qualified of the candidates with respect to the requirements set forth in the SSS position announcement. (*Id.* ¶ 10).

### 3. Relevant Facts to the BSS Position

Plaintiff also applied for the BSS position, and was appointed to that role on October 10, 2009.  (ECF No. 68-11).  Plaintiff's grade in the BSS position was EAS-21, and her salary amounted to $85,033.  (*Id.*)  After Plaintiff obtained the BSS position, she could have applied for EAS-23 if a position became available, but she retired shortly thereafter on January 1, 2010.  (Pl. Dep. at 67).

## III. ANALYSIS

Plaintiff's Complaint originally pled three claims under Title VII of the Civil Rights Act of 1964. (ECF No. 1) ("Title VII).  On December 12, 2011, this Court dismissed the Plaintiff's harassment and retaliation claims.  (ECF No. 53 at 14).  The Court held that Plaintiff's claims were limited to the "three discrete alleged adverse employment actions" based on race.  (*Id.*)  It is those claims that are now subject to the present Motion for Summary Judgment.  (ECF. No. 68).

The familiar *McDonnell-Douglas* burden-shifting test applies to each of Plaintiff's remaining claims.  *McDonnell -Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002).  Under

*McDonnell-Douglas*, Plaintiff must first establish a *prima facie* case of employment discrimination. *Garrett*, 305 F.3d at 1216. If Plaintiff makes out a *prima facie* case, the burden shifts to Defendant to come forward with a legitimate, non-discriminatory basis for its employment decision. *Id*. If Defendant does so, the inference of discrimination drops out and the burden shifts back to Plaintiff and he must offer evidence to show that race was a determinative factor in the employment decision, or that Defendant's non-discriminatory reason was merely pretext. *Id.*

Defendant moves for summary judgment as to three discrete alleged adverse employment claims, involving (1) the SAM position, (2) the SSS position, and (3) BSS position. The Court will discuss each in turn below.

**A.     The SAM Position**

To prevail on a disparate treatment claim under Title VII, a plaintiff must show that her employer intentionally discriminated against her for a reason prohibited by the statute. *Salguero v. City of Clovis*, 366 F.3d 1168, 1178 (10th Cir. 2004)("[Title VII] prohibits only intentional discrimination based upon an employee's protected class characteristics.") *See also Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004).

For the purposes of this claim, Defendant admits that Plaintiff meets the *prima facie* case. However, Defendant argues that Small had legitimate, nondiscriminatory reasons for not offering Plaintiff the SAM position. Small explains in his deposition that Plaintiff was not offered the position because she did not demonstrate to him that she had met the requirements of the position. (Small Dep. at 33-37.) Additionally, Defendant explains that any offer to Herrera—after Plaintiff was denied the SAM

position—was due to the fact that Herrera was better qualified than Plaintiff for the position. (Small Decl. ¶ 12). For example, Herrera had substantial prior experience in operations as a Business Service Network Team Leader, and demonstrated in her interview that she had the skills to perform in the SAM position. *(Id.)* Herrera's previous experience at the Postal Service was designated a grade level of EAS-23, which correlated with the grade level of the SAM position. (*Id.* ¶ 9).

Because Defendant's explanations are legitimate bases for the decision it made not to select Plaintiff for the SAM position, the Court finds that Defendant has carried its burden in showing a nondiscriminatory reason for any adverse employment action. *Texas Dep't. of Cmty Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Thus, the burden shifts back to the Plaintiff to show that the Defendant's bases are a pretext for unlawful discrimination. *Rivera*, 365 F.3d at 920.

In order to establish a genuine issue of material fact as to pretext, a plaintiff must produce evidence that would allow a reasonable juror to find that the defendant's non-discriminatory reason is "unworthy of belief." *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). A plaintiff can meet this burden with "evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1203 (10th Cir. 2006). In determining whether a plaintiff has shown pretext, the Court must consider the plaintiff's evidence in its totality. *Orr v. City of Albuquerque*, 531 F.3d 1210, 1215 (10th Cir. 2008).

Plaintiff contends that the bases for her nonselection were pretextual because of

three reasons. First, Plaintiff argues that Defendant, through Rodney Small, discriminated against her despite Plaintiff being qualified for the SAM position—*i.e.* Plaintiff asserts that she had "operational experience" to fulfill the job as posted. (Pl. Aff. (ECF No. 72-2 ) ¶ 5). Second, Plaintiff contends that Defendant's discriminatory intent was reflected when Small offered the SAM position to Herrera, not Plaintiff. (*Id.* ¶ 5). And third, that Defendant's hiring of Herrera was against internal policies. Specifically, Plaintiff contends that the hiring of Herrera provides an inference for pretext—*i.e.*, "that [Small's] decisions were motivated by his discriminatory purpose."[2] (*Id.* ¶ 3).

Plaintiff's arguments lack merit. The facts proffered by Plaintiff—that she had the necessary operational experience to fulfill the position—are not supported by the record. Plaintiff points to paragraph five of the her affidavit to support her position. However, the Court has reviewed that paragraph and it states nothing of her experience. Plaintiff fails to back up her allegations with anything in the record other than vague references that she provided presentations at the Postal Service. (*Id.* ¶ 7). But there is nothing specific as to "when" or "what" topics Plaintiff presented (let alone "how" the alleged presentations tie to Plaintiff's purported operational experience). Clearly, more is needed. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000) (holding that the "responding party" must ensure that the factual dispute is portrayed with "particularity"). This, coupled with the fact that Plaintiff's own

---

[2] Plaintiff asserts that the "Supreme Court has said that discriminatory *animus* may be inferred from the simple showing of pretext." (ECF No. 72 at 3.) But Plaintiff forfeits this point because there is no reference to such authority. *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992).

affidavit—which states that she could not "pinpoint to a specific thing that Mr. Small did or said in the interview" that he was motivated by discriminatory intent—only reinforces the appropriateness of granting summary judgment on this ground. (*Id.* ¶ 3)

With respect to the contention that Herrera's hiring was against Defendant's internal policies, the Court also finds that this contention lacks merit. First, Defendant considered Herrera better qualified for the SAM position than Plaintiff because of Herrera's experience. But, importantly, Herrera only accepted the job *after* Plaintiff had *not* been offered the position. (Small Decl. ¶ 12). As Herrera was not competing with Plaintiff (because she had not yet applied), Herrera could not be viewed as the reason why Plaintiff was denied the position. Based on the facts before the Court, Herrera's relevance to the pretext analysis is marginal at best. (*Id.* ¶ 12).

Moreover, even if Small violated some policy, pretext is *not* shown if the decisionmaker was unaware that the policy is being violated. *Randle* 69 F.3d, at 455. Here, Small believed he was following policy in offering Herrera the position. (*Id.* at ¶ 12). Plaintiff has failed to rebut that evidence. *Randle*, 69 F.3d at 451; *see also Ingels v. Thiokol Corp.*, 42 F.3d 616, 623 (10th Cir.1994) (stating, "[t]o the extent there is any inconsistency at all [in the employer's policies], it only goes to process and not to motivation, and could not provide a sufficient basis for a jury to find pretext for . . . discrimination.")

Accordingly, the Court finds that Plaintiff has failed to show a factual dispute as to whether her nonselection for the SAM position was pretextual. As such Plaintiff's filings in this case have failed to meet this burden and this failure, in and of itself, is sufficient reason to grant summary judgment in favor of Defendant on the SAM

claim. See Mitchell, 218 F.3d at 1199 (holding summary judgment is appropriate when an opposition is "limited to conclusory statements and . . . void of cites to the specific portions" of the record).

### B.     The SSS Position

Defendant contends that summary judgment is warranted as to the SSS position because Plaintiff cannot meet the *prima facie* case. For reasons that follow, the Court agrees. To establish a *prima facie* case for non-selection claims, Plaintiff must show that: "(1) she is a member of a protected class; (2) she applied for and was qualified for the particular position; (3) he was not promoted despite her qualifications; and (4) the position was filled or remained open after she was rejected." *Cross,* 390 F.3d at 1286.

Here, the Postal Service does not dispute that Plaintiff is African American, which is a protected class. But, because none of the Review Board members *knew* of Plaintiff's race, Defendant contends that Plaintiff cannot meet a *prima facie* case because they did not know that she was African American. (Wiltshire Decl. at ¶¶ 4-5; Keys Decl. ¶ 2; Lloyd Decl. ¶ 2). While Defendant does not point to any specific case that fits squarely with that of the instant claim, Defendant did supply several analogous authorities that the Court has valued in resolving this issue.

In *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69 (2d Cir. 2005), the Second Circuit held that a plaintiff could not make a *prima facie* case if the decisionmaker did not *know* of the plaintiff's age. *Id.* at 81. The Second Circuit stated that "a defendant's discriminatory intent cannot be inferred, even at the *prima facie* stage, from circumstances unknown to the defendant." *Id.* at 82. That is, if the decisionmaker does not know of the protected characteristics, the action simply cannot be "because of" that

10

protected characteristic. *Id.* at 82.

The Tenth Circuit has established a similar rule in the Title VII retaliation context, holding that a plaintiff alleging retaliation cannot establish the causation element of the *prima facie* case if the decision maker did not know of the plaintiff's protected activity. *Zokari v. Gates*, 561 F.3d 1076, 1081 (10th Cir. 2009) (plaintiff's "claim of retaliation fails because he cannot establish a causal *connection* between his protected opposition and the adverse employment action . . . plaintiff must show that the individuals who took adverse action against him knew of his protected opposition"); *see also Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002) ("An employer's actions against an employee cannot be because of that employee's protected opposition unless the employer knows the employee has engaged in protected opposition.").

Defendant submits that a similar rule—as drawn from the cases above—should apply here to disparate treatment claims in the nonselection context. The Court agrees. That is, if the decisionmaker is not aware of a person's race, a plaintiff cannot establish a *prima facie* because it is impossible to infer that the decision was due to discriminatory intent. This rule does not stretch existing authorities too far and it does not negate the purposes underlying anti-discrimination statutes.[3] *See Automobile Workers v. Johnson Controls, Inc.*, 499 U.S. 187, 197 (1991); *Salguero v. City of Clovis*, 366 F.3d 1168, 1178 (10th Cir. 2004) ("[Title VII] prohibits only intentional discrimination based upon an employee's protected class characteristics.")

---

[3] Other courts have followed similar rules. For example, the Sixth and Eleventh Circuits have held that a *prima facie* case under the Americans with Disabilities Act ("ADA") cannot be made if the decision maker is unaware of the plaintiff's disability. *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1185 (6th Cir. 1996), *Morisky v. Broward County*, 80 F.3d 445, 448 (11th Cir. 1996).

In applying the above rule, the Court finds that Plaintiff has not shown that there is a factual dispute as to whether Defendant knew Plaintiff was African American. All three members of the Review Board state that they did not know Plaintiff's race. (Wiltshire Decl. ¶¶ 4-5; Keys Decl. ¶ 2; Lloyd Decl. ¶ 2). While Plaintiff contends that she made presentations at the Postal office—which imputes knowledge of her race to the Review Board—such allegations lack the requisite particularity to save Plaintiff from summary judgment.[4] (Pl. Aff. ¶ 5).

As such, the Court finds that the Plaintiff cannot establish a *prima facie* case because her affidavit fails to provide evidence that would allow a reasonable juror to conclude facts "trial worthy" for jury determination. *Harper v. Mancos Sch. Dist. RE–6*, 837 F.Supp.2d 1211, 1223–24 (D.Colo.2011); *Celotex*, 477 U.S. at 322.

The Court notes that the above reasoning disposes of this claim on the *prima facie* element. However, even if Plaintiff could establish a *prima facie* case, the Postal Service had a legitimate, nondiscriminatory reason not to select Plaintiff for the SSS position. That is, Sandhagen believed that the Review Board would only advance the most qualified candidates for interviews (which it did, based on its scoring methodology). (Sandhagen Decl. ¶ 5). Making a selection based on qualifications is a legitimate, nondiscriminatory reason which shifts the burden back to Plaintiff under the *McDonnell-Douglas* analysis. *See Perry*, 199 F.3d at 1140; *Jones*, 203 F.3d at 754.

Even if Plaintiff got past the first and second steps of *McDonnell-Douglas*, she

---

[4] Even on constructive notice, Plaintiff has not proffered enough facts to satisfy this theory. Plaintiff certainly has not made this argument in her Response, and courts are not "charged with making the parties' arguments for them." *Meyer v. Bd. of County Comm'rs*, 482 F.3d 1232, 1242 (10th Cir. 2007).

can cannot meet the burden of showing a genuine factual dispute as to whether Defendant's decision was pretext for unlawful discrimination. No material facts are offered by Plaintiff to show discriminatory pretext on the behalf of the Review Board or Sandhagen. *See Adams v. Am. Guar. and Liability Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (to survive summary judgment, non-movant "must do more than refer to allegations of counsel contained in a brief").

Accordingly, Plaintiff has failed to provide any evidence that would allow a reasonable juror to conclude that material facts exist for trial. The Court grants summary judgment as to the SSS claim.

**C.     The BSS Position**

Plaintiff was selected for the BSS position. This claim is not a nonselection claim; rather, the BSS position involves a general disparate treatment claim. A *prima facie* case for disparate treatment requires Plaintiff to show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances that give rise to an inference of discrimination. *EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).

Although Plaintiff can satisfy the first prong, she cannot meet the second prong because she did not suffer an adverse action in being selected for the BSS position. Before Plaintiff applied for the BSS position she had a salary of $85,033 and a grade of EAS-21. (ECF No. 68-2). In the BSS position, she had the same salary. The grade was also identical. (ECF No. 68-11). Given this correlation, Plaintiff cannot credibly argue that the second prong (adverse action) is satisfied without more evidence to the contrary. Moreover, selecting Plaintiff for the BSS position cannot be an adverse action

because, had Plaintiff not taken the position, she would have been left without a position at the Postal Service because of the 2009 reorganization. (Small Decl. at ¶ 4).

As to the third prong of a *prima facie* case, this also fails because Plaintiff's acceptance of the BSS position did not take place under circumstances that give rise to an inference of discrimination. Plaintiff applied for the BSS position and was selected for the position. (Pl.'s Dep. at 63). Defendant contends that there is no inference of discrimination if Plaintiff was appointed the position she applied for, particularly when the pay and grade scale were identical to her previous position. Based on the record, the Court finds that there are *insufficient* facts to draw any inference of discrimination as to the BSS claim. The *prima facie* case, therefore, fails on the second and third prongs.

Accordingly, the Court finds that Plaintiff has failed to show a trial-worthy issue as to the BSS claim and Defendant's Motion for Summary Judgment is granted.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is GRANTED. The Clerk shall enter judgment in favor of Defendant on all claims. Costs shall be taxed against Plaintiff.

Dated this 21st day of December, 2012.

BY THE COURT:

William J. Martínez
United States District Judge